IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARJIT BHAMBRA,

    Plaintiff,

  v.

JOHN M. TRUE et al.,

    Defendants.

No. C 09-5143 CRB

**ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiff Harjit Bhambra seeks a writ of quo warranto and an order removing Defendant Judges from their offices, in addition to damages. Defendants have moved to dismiss.[1] Because the facts of this case are summarized thoroughly in the order dismissing the related case, see No. 09-4685, we do not repeat that recitation here.

Plaintiff has no standing to pursue the relief he seeks. "*Quo warranto* is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights." Johnson v. Manhattan RR. Co., 289 U.S. 479, 502 (1933). The authority to bring such an action based on federal common law, however, rests exclusively with the United States itself. Id. "There is no statute delegating to an individual the right to resort to it." Id. "A private party does not

---

[1] Plaintiff's pending motion for leave to file an amended complaint is GRANTED. However, because the amended complaint fails to cure the defects of the original complaint, this Court concludes that Defendants' motion is not mooted by the amendment.

have standing to bring such a proceeding." United States v. Machado, 306 F. Supp. 995, 1000 (N.D. Cal. 1969).

Bhambra alternatively seeks to bring this action under state law, specifically California Code of Civil Procedure § 803. However, this Court declines to exercise supplemental jurisdiction over such a claim. As there is no independent basis for federal subject matter jurisdiction over this case, the case is therefore DISMISSED.

Because Plaintiff failed to cured these apparent defects in his amended complaint, dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: February 16, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE